JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant, Bernice Ziegler ("Ziegler"), appeals the trial court's decision granting summary judgment in favor of plaintiff-appellee, Mortgage Electronic Registration Systems, Inc. ("Mortgage Electronic"). Ziegler assigns the following error for our review:
 {¶ 3} "I. The trial court erred in granting plaintiff/appellee's motion for summary judgment and not granting a trial on defendant's counterclaim when there was a genuine issue of material fact on appellee's violation of 12 [U.S.C.] 2605."
 {¶ 4} For the reasons that follow, we affirm the trial court's decision.
 {¶ 5} On May 17, 1999, Ziegler purchased a home located at 1921 Seneca Avenue, in Euclid, Ohio for the sum of $99,900. To effect the purchase, Ziegler borrowed the sum of $94,500 from Firstar Bank, N.A. and executed a mortgage deed, encumbering the property, along with a promissory note in the bank's favor. According to the agreement, Ziegler was required to pay $647.39 per month beginning July 1, 1999.
 {¶ 6} On June 17, 2000, Firstar Bank, N.A. assigned the mortgage deed and promissory note to Mortgage Electronic as nominee for Homeside Lending, Inc. ("Homeside Lending"). Homeside Lending subsequently merged into SR Investment, Inc., which ultimately became Washington Mutual Bank. *Page 3 
 {¶ 7} Ziegler submitted all scheduled mortgage payments through March 1, 2003 and then defaulted. On July 12, 2005, Mortgage Electronic initiated a foreclosure action against Ziegler. On October 31, 2005, Ziegler filed her answer and counterclaim. In her counterclaim, Ziegler specifically alleged that Firstar Bank violated 12 U.S.C. § 2605 by failing to provide notice of the assignment of the mortgage to Homeside Lending, and that Homeside Lending subsequently failed to give notice of the assignment to Mortgage Electronic.
 {¶ 8} On March 24, 2006, Mortgage Electronic filed a motion for summary judgment and a motion to dismiss Ziegler's counterclaim. Ziegler also filed a motion for summary judgment. On September 25, 2006, the trial court granted summary judgment in favor of Mortgage Electronic and also dismissed Ziegler's counterclaim.[1]
 Summary Judgment {¶ 9} In her sole assigned error, Ziegler argues that the trial court erred in granting summary judgment in favor of Mortgage Electronic.
 {¶ 10} We review an appeal from summary judgment under a de novo standard of review.[2] Accordingly, we afford no deference to the trial court's decision *Page 4 
and independently review the record to determine whether summary judgment is appropriate.[3] Under Civ.R. 56, summary judgment is appropriate when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can reach only one conclusion, which is adverse to the non-moving party.[4]
 {¶ 11} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment.[5] If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the non-movant fails to establish the existence of a genuine issue of material fact.[6]
 {¶ 12} In the instant case, it is undisputed from the record that on May 17, 1999, Ziegler signed a promissory note, of which Firstar Bank was the holder. It is also undisputed that a mortgage securing the promissory note encumbered Ziegler's property located in Euclid, Ohio. *Page 5 
 {¶ 13} In support of its motion for summary judgment, Mortgage Electronic submitted an affidavit from one of its employees who was familiar with Ziegler's account. The employee averred that Ziegler was in default of payment on the note. The employee further averred that the note contained an acceleration provision and, pursuant to that provision, Mortgage Electronic as nominee for Washington Mutual Bank, the successor in interest to Homeside Lending, called the entire unpaid principal balance with interest immediately due and payable. Finally, the employee averred that a true and accurate copy of the note and mortgage were attached to the complaint.
 {¶ 14} In opposition to Mortgage Electronic's motion, and in her cross-motion for summary judgment, Ziegler specifically claimed that she was never notified that Firstar Bank assigned the promissory note and mortgage to Homeside Lending. Ziegler argues that Firstar Bank's failure to provide notice of the assignment resulted in her defaulting on the loan.
 {¶ 15} The record establishes that on June 17, 2000, more than two years prior to Ziegler's defaulting on her mortgage, Firstar Bank executed an assignment of the mortgage deed of trust in favor of Mortgage Electronic as nominee for Homeside Lending, its successor and assignee. The record further indicates that the assignment was duly recorded with the Cuyahoga County Recorder as designated by instrument number 200103130453. Finally, the record indicates that Ziegler did *Page 6 
not default on her mortgage obligations until March 2003, more than two years after Firstar Bank assigned the mortgage deed of trust to Homeside Lending.
 {¶ 16} Here, Ziegler's payment of her monthly mortgage obligations for more than two years following the assignment refutes the assertion that she was not notified. Instead, by virtue of these payments, reasonable minds could come to one conclusion, and that is, Ziegler knew the mortgage deed of trust had been assigned. As such, the alleged lack of notification was not the cause of Ziegler defaulting on her mortgage obligations. Therefore, we conclude from the evidence before us, that the trial court properly granted summary judgment in favor of Mortgage Electronic, and properly dismissed Ziegler's counterclaim couched as an alleged violation of 12 U.S.C. § 2605. Accordingly, we overrule Ziegler's sole assigned error.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and *Page 7 
MELODY J. STEWART, J., CONCUR
[1] Although Ziegler argues in her brief that the counterclaim remains undecided, the trial court's journal entry dated September 25, 2006, clearly states that the counterclaim was disposed of in favor of Mortgage Electronic.
[2] Baiko v. Mays (2000), 140 Ohio App.3d 1, citing Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35; Northeast Ohio Apt. Assn.v. Cuyahoga Cty. Bd. of Commrs. (1997), 121 Ohio App.3d 188.
[3] Id. at 192, citing Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704.
[4] Temple v. Wean United, Inc. (1997), 50 Ohio St.2d 317, 327.
[5] Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107.
[6] Id. at 293. *Page 1